NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANA A. REYES | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 07-cv-3884 (DMC) |
| COMMISSIONER OF SOCIAL SECURITY | |
| Defendant. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Plaintiff, Ana A. Reyes ("Plaintiff"), pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of a determination of the Commissioner of Social Security ("Commissioner") which denied Plaintiff's application for Disability Benefits, under a Title II and/or Title XVI of the Social Security Act. After carefully considering Plaintiff's submissions and based upon the following, it is the finding of this Court that Plaintiff's motion is **denied**.

I. **BACKGROUND**

On December 13, 2004, Plaintiff filed a Title II application for Disability Insurance Benefits and a Title XVI application for Supplemental Security Income. In both applications, Plaintiff alleged that her disability began on May 21, 2004. The claims were denied initially on September 12, 2005, and upon reconsideration on January 31, 2006. On February 8, 2006, Plaintiff filed a timely written request for a hearing before Administrative Law Judge O'Leary ("ALJ") of the Newark, New Jersey

OHA. The hearing took place on June 2, 2006. A timely request for review was filed with the Appeals Council and on June 28, 2007 the Appeals Council found no grounds for review.

In a decision issued September 7, 2006, ALJ O'Leary concluded that Plaintiff was not disabled. In addition, the ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2008.
2. The claimant has not engaged in substantial gainful activity since may 21, 2004, the alleged onset date (20 CFR 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*).
3. The claimant's medically determinable impairments did not prevent her from performing her past relevant work on or before September 30, 2001, her date last insured (20 C.F.R. 404.1563). The claimant has the following severe impairments: neck pain, lower back pain; and right shoulder pain status post motor vehicle accident in 2001 (20 CFR 404.1520(c) and 416.920(c)). Although the record contains some allegations of depression; the evidence fails to establish the existence of a mental impairment that has had any greater than a slight or minimal effect on ability to perform basic work activities, and thus, it is not severe. The claimant does not receive treatment from a mental health professional, and takes no medication for a mental impairment. With regards to her complaints of blurry vision, I note that consultative ophthalmologist Dr. Egdar Braunstein determined that the claimant's visual acuity best corrected in the right eye was 20/30, and 20/20 in the left eye. Dr. Braunstein noted that the claimant's visual fields were within normal limits; she has no ocular pathology and was capable of all visual functions (Exhibit 4F). Thus I find that the claimant's vision problems are not severe.
4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1425, 404.1526, 419.920(d), 416.925 and 416.926).
5. After careful consideration of the entire record, the undersigned finds that the claimant has the Residual Functional Capacity ("RFC") to perform light work. Thus, she is found capable of lifting and carrying 20 pounds occasionally and 10 frequently. She could sit, stand, and walk for up to 6 hours in an 8-hour workday; however she should only climb, kneel, crouch and crawl occasionally.
6. The claimant is capable of performing relevant work as packer for a purse manufacturer. At the hearing, the claimant testified that her job required her to put paper in the purses. She also testified that this work did not require or involve any lifting and she could do this job standing or sitting at her election. Therefore, this work does not require the performance of work-related activities precluded by the claimant's RFC (20 CFR 404.1565 and 416.965.)

7.  The claimant had not been under a "disability," as defined by the Social Security Act, from May 21, 2004 through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

## II.  STANDARD OF REVIEW

A reviewing court must uphold the Commissioner's factual decisions if they are supported by "substantial evidence." 42 U.S.C. §§ 405(g), 1893(c)(3); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., Williams v. Shalala, 507 U.S. 924 (1993). "Substantial evidence means more than "a mere scintilla." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); it does not mean a large or considerable amount of evidence, but rather "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.; Morales v. Apfel, 225 F.3d 310, 316 (3d Cir. 2000). Some types of evidence are not "substantial." For example,

> [a] single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence - particularly certain types of evidence (e.g. that offered by treating physicians) - or if it really constitutes not evidence, but mere conclusion.

Wallace v. Sec'y of Health & Human Servs., 722 F.2d 1150, 1153 (3d Cir. 1983) (quoting Kent v. Schweiker, 710 F.2d 110, 114 (3d. Cir. 1983)).

This Court's review of legal issues is plenary. Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000) (citing Shaudeck v. Commissioner of Social Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999)). "The reviewing court, however, does have a duty to review the evidence in its totality." Stonewolf v. Callahan, 972 F. Supp. 277, 284 (D.N.J. 1997) (citing Daring v. Heckler, 727 F.2d 64, 70 (3d. Cir. 1984). The District Court must determine whether the record, as a whole, contains substantial

evidence to support the findings of the Commissioner. Shaudeck, 181 F.3d at 431. A court may not displace the choice of an administrative body "between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it *de novo*." N.L.R.B. v. Greensburg Coca-Cola Bottling Co., 40 F.3d 669, 672-78 (3d Cir. 1994) (quoting Univ. Camera Corp v. N.L.R.B., 340 U.S. 474, 488 (1951)). Thus, "where the ALJ's findings of fact are supported by substantial evidence, the [reviewing court] is bound by these findings, even if [it] would have decided the factual inquiry differently." Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Furthermore, the District Court neither has the ability to weigh the evidence "[n]or substitute its conclusions for those of the fact-finder." Williams, 970 F.2d at 1182 (citing Early v. Heckler, 743 F.2d 1002, 1007) (3d Cir. 1984)).

Nonetheless, an ALJ must make specific findings of fact to support his ultimate conclusion. Stewart v. Sec'y of HEW, 714 F.2d 287, 290 (3d Cir. 1983). An ALJ must consider all of the medical evidence in the record and provide adequate explanations for disregarding or rejecting evidence. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999); Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981). The Third Circuit has held that access to the Commissioner's reasoning is essential to a meaningful review:

> Unless the [Commissioner] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978) (quoting Arnold v. Sec'y of HEW, 567 F.2d 258, 259 (4th Cir. 1977)). Without access to the ALJ's reasoning, the reviewing court cannot conduct an accurate review of the matter; the court cannot determine whether the evidence was

4

discredited or simply ignored. Cotter, 642 F.2d at 705; Walton v. Halter, 243 F.3d 703, 710 (3d Cir. 2001).

A claimant's eligibility for benefits is governed by 42 U.S.C. § 1382. Pursuant to the Social Security Act ("Act"), a claimant is eligible for benefits if he or she meets the income and resource limitations of 42 U.S.C. §§ 1382(a) and 1382(b) and demonstrates that she is disabled based on an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382(a)(3)(A). A person is disabled for these purposes only if her physical or mental impairments are "of such severity that she is unable to do her previous work, but cannot, considering her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner established a five-step sequential evaluation analysis to evaluate and determine whether a claimant is disabled. 20 C.F.R. § 416.920. The first step requires the claimant to establish that she did not engage in substantial gainful activity since the onset of the alleged disability. 20 C.F.R. § 416.920(a). If the claimant did not engage in substantial gainful activity then the analysis continues to the second step, wherein the claimant must prove he suffers a "severe impairment" or "combination of impairments." 20 C.F.R. § 416.920(c). Since the claimant bears the burden of establishing the first two requirements, a failure to meet these two requirements automatically results in a denial of benefits. Bowen v. Yuckert, 482 U.S. 137, 146-47 n.5 (1987).

If the claimant satisfies her initial burdens, she must provide evidence that his impairment equals or exceeds one of the impairments listed in Appendix 1 of the regulations. 20 C.F.R. §

416.920(d). Upon providing such evidence, the claimant is presumed disabled and automatically entitled to disability benefits. Id. If the claimant cannot provide such evidence, the disability analysis continues. The fourth step of the analysis focuses on whether the claimant's residual functional capacity ("RFC") permits her to resume her previous employment. 20 C.F.R. § 416.920(e). If the claimant is found capable to return to her previous line of work, then she is not "disabled" and not entitled to disability benefits. 20 C.F.R. § 416.920(a)(4)(iv). If the claimant cannot resume her previous employment or does not have any past relevant work, the analysis proceeds to step five. 20 C.F.R. § 416.920(f)-(g). At step five, the burden shifts to the Commissioner to demonstrate based on the claimant's RFC, as well as her age, education and past work experience, that the claimant can perform other work that exists in the national economy. 20 C.F.R. §§ 416.920(g), 416.960, 416.963, 416.964 and 416.965. If the Commissioner cannot satisfy this burden, the claimant shall receive social security benefits. Yuckert, 482 U.S. at 146-47 n.5.

**III.     DISCUSSION**

Plaintiff argues that substantial evidence exists in the administrative record to support a finding of disability. Plaintiff also argues that the Commissioner's final administrative decision is not based on the substantial evidence of record. Next, Plaintiff argues that the ALJ erred in finding that her severe impairments were merely "pain" in the neck, lower back and right shoulder, instead of identifying the underlying impairments that caused the pain. Additionally, Plaintiff argues that the ALJ's step-three finding was deficient because he did not consider whether Plaintiff's impairments "in combination" met the Listings and Plaintiff alleges that the ALJ ignored evidence of disc herniation and stenosis. Further, Plaintiff argues that the ALJ's residual functional capacity ("RFC") is unsupported. Lastly, Plaintiff contends that the ALJ did not adequately evaluate her

subjective complaints of pain and limitations.  Plaintiff does not dispute the ALJ's finding at step one.

     **A.**     **The ALJ Finding at Step Two of the Sequential Evaluation Process was Appropriate**

Plaintiff argues that the ALJ erred in finding that her severe impairments were merely "pain" in the neck, lower back, and right shoulder, instead of identifying the underlying impairments, including disc herniations, that cause the pain.  Yet as Plaintiff admits, the ALJ "faithfully records the evidence" of the underlying impairments in his decision.  Indeed, the ALJ acknowledged that Plaintiff had a cervical disc herniation, a lumbar disc herniation and impairment, tendinitis, and a rotator cuff tear with bursal and joint space effusions of the right shoulder.  Thus, the ALJ did not ignore the clinical findings which caused Plaintiff's neck, back, and right shoulder pain.  The ALJ found that Plaintiff had severe impairments relating to her neck, back and shoulder and evaluated these conditions at the remaining steps of the sequential evaluation process.  Since the ALJ did not commit any legal error, Plaintiff's argument that a remand is warranted to address this step is rejected.

     **B.**     **The ALJ Finding at Step Three of the Sequential Evaluation Process was Appropriate**

Plaintiff argues that the ALJ's step three finding was deficient because he did not consider whether Plaintiff's impairments, in combination, met the Listing.  The ALJ found that Plaintiff did not have an impairment or combination of impairments which met or medically equaled one of the impairments listed at 20 CFR Part 404 Subpart P, Appendix 1.  Thus, despite Plaintiff's statement to the contrary, the ALJ considered Plaintiff's impairments in combination and found that the Listings were not met.

Additionally, Plaintiff challenges the ALJ's step three finding by noting that the ALJ ignored evidence of the disc herniation and stenosis, which is required by Listing 1.04, which pertains to disorders of the spine. The ALJ's decision reveals that he did not merely state, as Plaintiff suggests, that she did not have a disc herniation or stenosis, but rather that she did not have disc herniation or stenosis with radicular symptoms, such as weakness, sensory loss, atrophy, and reflex loss. Listing 1.04 does not merely require a disorder of the spine, such as a disc herniation or stenosis, but the disorder must result in compromise of a nerve root of the spinal cord and there must also be evidence of nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis resulting in pseudoclaudication. Here, the ALJ found that Plaintiff did not meet all of the criteria of Listing 1.04, which pertains to disorders of the spine. Another examining physician, Dr. Reilly, noted that Plaintiff has a normal gait, good range of motion of the cervical and lumbar spine, and full motor strength, and her sensation was intact, which all supports the ALJ's finding that she does not meet Listing 1.04.

The ALJ also relied on Dr. Luis Vassallo, who examined Plaintiff at the request of the Commissioner, and found that Plaintiff had no neurological deficit, was able to walk on her tip toes and heels and that she had no sensory deficit. Additionally, Dr. Ibrahim Hoursi and Dr. Raymond Briski revealed that Plaintiff could occasionally lift twenty pounds, frequently lift ten pounds, stand and/or walk about six hours in an eight hour workday, sit about six hours in an eight-hour workday, and push and/or pull without limitation. The doctors also opined that Plaintiff could occasionally climb, kneel, crouch, and crawl. Thus, the foregoing evidence, which was reviewed by the ALJ, reasonably supports his finding that Plaintiff's impairments did not either alone or in combination, meet or equal Listing 1.04.

### C. The ALJ Properly Found that Plaintiff Could Perform Light Work

Plaintiff argues that the ALJ's Residual Functional Capacity ("RFC") is unsupported. The burden is on Plaintiff to show that she does not have the RFC to do her past relevant work. Kangas v. Bowen, 823 F2d 775, 777 (3d Cir. 1987). Plaintiff never introduced any evidence from a treating, examining, or non-examining physician, to support her allegation that she could not do her past work. The ALJ relied in part, upon the opinions of Dr. Housri and Dr. Briski, the State agency physicians who reviewed the medical evidence of record. Based on the evidence before the ALJ, he reasonably found that Plaintiff could perform light work, with the postural limitations specified.

In support of the ALJ's finding that Plaintiff could perform light work, with occasionally postural limitations, he further relied upon the examination findings of Dr. Reilly in April 2006. As stated, Dr. Reilly noted that Plaintiff has a normal gait, good range of motion of the cervical and lumbar spine, full motor strength, and her sensations were intact. Dr. Reilly did not identify any functional limitations.

In support of the ALJ's finding that Plaintiff could perform light work with the limitations specified, he also relied, in part, upon the examinations of Dr. Vassallo. Dr. Vassallo noted the Plaintiff has no neurological deficit, and although Plaintiff has a reduced range of motion of the spine, the doctor noted that Plaintiff has full motor strength and full range of motion of the knees, and ankles. The ALJ also observed that Plaintiff was able to walk on her toes and heels, and that she has no sensory deficit. Moreover, for a person to be found disabled within the meaning of the Act, it is not enough to establish the mere presence of a disease of impairment (such as a disc herniation), but rather that the disease or impairment must cause functional limitations that preclude the performance of any substantial gainful activity. Capoferri v. Harris, 501 F. Supp. 32, 36 (E.D.

Pa 1980), aff'd 649 F.2d 858 (3d Cir. 1981). Here, Plaintiff has made no such showing. In sum, the medical opinions of Dr. Housri and Dr. Briski, and the examination reports of Dr. Vassallo provide substantial support for the ALJ's finding that Plaintiff could perform light work with occasional postural limitations.

### D.   The ALJ Properly Evaluated Plaintiff's Subjective Pain and Limitations

Plaintiff contends that the ALJ did not adequately evaluate her subjective complaints of pain and limitations. To the contrary, in finding that Plaintiff was not disabled, the ALJ properly considered Plaintiff's subjective allegations, however, a subjective analysis of symptoms cannot, by itself, be the basis for a finding of disability. Rather, Plaintiff must demonstrate by medical signs or findings the existence of an underlying condition and must reasonably be expected to produce the symptoms alleged. 42 U.S.C. § 423(d)(5)(A). When a medically determinable impairment exists, objective medical evidence must be considered in determining whether a disability exists, whenever such evidence is available. 20 C.F.R. § 404.1529(c)(2). If a claimant's symptoms suggest a greater restriction of function than can be demonstrated by objective evidence alone, consideration will also be given to such factors as: (1) Plaintiff's daily activities; (2) the nature, location, onset, duration, frequency, radiation, and intensity of pain or other symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and adverse side effects of medication that the claimant has taken to alleviate her symptoms; (5) treatment, other than medication, for relief of pain or other symptoms; (6) any other measures which the claimant uses or has used to relieve her pain or other symptoms. 20 C.F.R. § 404.1529(c). Thus, it is well within the discretion of the Commissioner to evaluate the credibility of Plaintiff's complaints and render an independent judgment in light of the medical findings and other evidence regarding the true extent of such evaluations of symptoms.

10

LaCorte v. Brown, 678 F. Supp. 80, 83 (D.N.J. 1988).

Here, the ALJ noted that the medical evidence, set forth above, did not support Plaintiff's subjective complaint of pain and functional limitations to the disabling extent alleged and, therefore, proceeded to consider the remaining factors. The ALJ noted that Plaintiff's treatment was sporadic; he observed that Plaintiff did not seek medical treatment from February 2002 to October 2005. The ALJ also noted that Plaintiff's treatment was conservative, and that she had not been hospitalized or referred to a pain clinic. Plaintiff takes no powerful prescription medication for the alleged pain. Further, Plaintiff admitted that her medication took her pain away.

Moreover, the ALJ noted that Plaintiff's activities of daily living also belied her allegation of disability. Plaintiff was able to cook, do laundry, shop, use public transportation, handle money, and visit others. This evidence of significant daily activities undermines Plaintiff's statements that her symptoms were disabling. Thus, the ALJ properly evaluated Plaintiff's subjective complaints.

**E.    The ALJ Properly Found that Plaintiff Could Return to Past Relevant Work**

Plaintiff also argues that the ALJ did not support the finding that she could return to her past relevant work. Despite Plaintiff's argument to the contrary, the ALJ considered her description of her past work. The ALJ noted that her past work entailed putting paper in purses. The ALJ noted that Plaintiff reported at the hearing that she could so this job either sitting or standing, as she wished. The ALJ also noted that Plaintiff testified that the job did not involve lifting. Likewise, in the questionnaire, Plaintiff reported that this job also required standing/walking for six hours and lifting up to ten pounds. The ALJ correctly concluded that her RFC for light work with occasional postural limitations did not preclude Plaintiff from return to her past relevant work.

11

**IV.    CONCLUSION**

For the reasons stated, it is the finding of this Court that Plaintiff's motion for review of a determination of the Commissioner of Social Security which denied Plaintiff's application for Disability Benefits, under a Title II and/or Title XVI of the Social Security Act is **denied** and the Commissioner's decision is **affirmed**. An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh          
Dennis M. Cavanaugh, U.S.D.J.

Date:        May   5  , 2008
Orig.:       Clerk
cc:          All Counsel of Record
             Hon. Mark Falk, U.S.M.J.
             File